UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SCIENTIFIC DRILLING INTERNATIONAL, INC.,
FAIR LABOR STANDARDS ACT (FLSA) LITIGATION     MDL No. 2536


ORDER DENYING TRANSFER


    **Before the Panel**: Pursuant to 28 U.S.C. § 1407, defendant Scientific Drilling International, Inc., moves to centralize this litigation in the Southern District of Texas. The litigation consists of two actions pending in the Southern District of Texas and the District of Wyoming. Plaintiffs in both actions oppose centralization and, alternatively, request the District of Wyoming.

    Defendant contends that centralization is warranted based on common factual allegations concerning whether certain employees on oil and gas rigs ("Measurement While Drilling" technicians) are entitled to overtime pay under federal and state laws and the involvement of overlapping putative classes. Plaintiffs oppose centralization as unnecessary, stating that they recognize the overlap in the actions and they already have agreed to coordinate pretrial proceedings to avoid duplicative discovery and inconsistent rulings.

    On the basis of the papers filed and the hearing session held, we will deny defendant's motion. The actions unquestionably share factual questions arising out of allegations that defendant has failed to pay certain employees overtime compensation in violation of the Fair Labor Standards Act (FLSA) and wage and hour laws in North Dakota and Wyoming. The proponent of centralization faces a heavy burden, however, to demonstrate that centralization of these two actions is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Moving defendant has failed to do so in these circumstances.

    We are convinced of the likelihood that voluntary cooperation or Section 1404 transfer will ensure that these actions proceed in a coordinated manner. In response to a Section 1404 motion, the Southern District of Texas court recently stated its intent to defer to the decision of the court with the first-filed action.[1] Thus, there is a reasonable prospect that Section 1404 transfer will eliminate the multidistrict character of the litigation. *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other

---

[1] *See Gentry v. Scientific Drilling Int'l, Inc.*, C.A. No. 14-00363, Doc. No. 7, Order at ¶ 2 (S.D. Tex. Apr. 23, 2014).

-2-

options.'") (quoting *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L.2011)).

Additionally, the two cases before us are not particularly complex. Thus, given the small number of involved actions, and the correspondingly limited number of involved counsel and courts, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of these two actions at this time. Alternatives to formal centralization appear to be workable, particularly at this early stage of litigation. *See In re: Dollar Tree Stores, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell   Charles R. Breyer
Lewis A. Kaplan       Sarah S. Vance
Ellen Segal Huvelle   R. David Proctor

**IN RE: SCIENTIFIC DRILLING INTERNATIONAL, INC.,**
**FAIR LABOR STANDARDS ACT (FLSA) LITIGATION**          MDL No. 2536

## SCHEDULE A

<u>Southern District of Texas</u>

GENTRY, ET AL. v. SCIENTIFIC DRILLING INTERNATIONAL, INC.,
  C.A. No. 4:14-00363

<u>District of Wyoming</u>

SMITH v. SCIENTIFIC DRILLING INTERNATIONAL, INC., C.A. No. 2:14-00017